UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRETT LEE SIMPSON**                                                                        **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:18-CV-P164-TBR**

**BRADLEY L. BOYD**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Brett Lee Simpson, a convicted inmate at the Christian County Jail (CCJ), filed this *pro se* action pursuant to 42 U.S.C. § 1983 against CCJ Jailer Bradley L. Boyd in his official capacity. Plaintiff alleges that his right hand was injured in an altercation in September 2018 at CCJ. He reports, "My right hand is numb and I cant straighten out my ring finger on my right hand also have sharp pains that run threw it." He alleges that his requests for medical attention were ignored by guards and medical staff. He further alleges that he wrote Colonel Howard, who "finally called me out and asked me if I have contacted a lawyer and asked if they ever x-rayed my hand." He maintains that his hand has yet to be x-rayed. As relief, Plaintiff seeks damages.

The complaint is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Under that statute, the trial court must review the complaint and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff sues Defendant Boyd in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is

an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's claims against Defendant Boyd in his official capacity, therefore, are against Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of Christian County. Nothing in the complaint demonstrates that the action or inaction of any personnel occurred as a result of a policy or custom. The complaint, therefore, fails to

establish a basis of liability against the Christian County. Thus, the claims against Christian County/Defendant Boyd in his official capacity will be dismissed for failure to state a claim.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff claims that CCJ guards, medical staff, and Colonel Howard ignored his medical requests. The Court will provide Plaintiff an opportunity to amend his complaint to name as Defendants in their individual capacities the person(s) he claims engaged in the alleged wrongdoing and to describe the facts, including dates, surrounding how each Defendant allegedly violated his rights.

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendant Christian County/Jailer Boyd in his official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum and Order, **Plaintiff may file an amended complaint** naming as Defendants in their individual capacities the person(s) he claims engaged in the alleged wrongdoing and providing the facts, including dates, surrounding how each Defendant allegedly violated his rights.

**The Clerk of Court is DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the action for the reasons stated herein**.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Christian County Attorney
4413.005