UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRETT LEE SIMPSON**                                                                **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:18-CV-P164-TBR**

**BRADLEY L. BOYD**                                                **DEFENDANT**

## MEMORANDUM OPINION

While an inmate at the Christian County Jail (CCJ), Plaintiff Brett Lee Simpson filed this *pro se* action pursuant to 42 U.S.C. § 1983 against CCJ Jailer Bradley L. Boyd in his official capacity. By Memorandum Opinion and Order entered March 14, 2019, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the claims against Defendant Jailer Boyd in his official capacity for failure to state a claim upon which relief may be granted (DN 7). Before dismissing the action, however, the Court provided Plaintiff with an opportunity to file an amended complaint naming as Defendants in their individual capacities the person(s) he claims engaged in the alleged wrongdoing and providing the facts, including dates, surrounding how each Defendant allegedly violated his rights. The Court advised that failure to file an amended complaint within 30 days would result in the entry of a final Order dismissing the action for the reasons stated therein. On March 25, 2019, the copy of the Memorandum Opinion and Order mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return To Sender, Not Deliverable As Addressed, Unable to Forward" (DN 8).

Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109

(6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket sheet reveals that nearly two months have passed without Plaintiff providing any notice of an address change. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

Therefore, the Court will enter a separate Order dismissing this action for the reasons set forth in the Court's prior Memorandum Opinion and Order and for failure to prosecute.

Date: May 22, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Christian County Attorney
4413.005